■ In the Matter of JAMES D. FLICK, Petitioner, v LEO J. MORENCY, as City Manager of the City of Rye, Respondent.—Proceeding pursuant to CPLR article 78 by a City of Rye police officer to review so much of the respondent's determination, dated July 28, 1975 and made after a hearing, as found him guilty of five specifications of the charge of the commission of acts which were unlawful, improper and prejudicial to good order, efficiency and discipline, and imposed a reprimand and a $50 fine. Petition granted and determination annulled insofar as reviewed, on the law, without costs or disbursements. In our opinion the portion of the determination which is under review was not supported by substantial evidence. We take particular note of the following: (1) Petitioner caused an investigation to be made to determine whether a certain automobile had been stolen. That investigation included a radio check with the Sheriff's office to determine whether the car had been reported stolen (it had not); several telephone calls to the Learson residence (no response); a personal visit by petitioner, in company with other officers, to the Learson house and a thorough physical examination of the premises to determine whether it had been burglarized (it had not). The physical examination of a residence at night entailed a considerable risk to petitioner; there was considerable evidence that (and the hearing officer himself noted) a physical inspection of a "dark house" subjects the inspecting officer to inherent dangers, "such as losing your head", should the residents be at home at the time they hear their doors being tried, etc. (2) The burglary of the Rye Shell station which resulted in the larceny was not reported until 7:27 A.M. on January 3, 1975—after the apprehended juveniles had been turned over to the State Police. On the evidence presented petitioner cannot be held accountable for the failure to detect that burglary (and to have expressly ordered a postburglary check) prior to the turning over of the juveniles to the State Police. (3) The testimony of Officers Rosenberg and petitioner—and (on recall to the stand) of the police chief himself—was that arrests of juveniles are *not* recorded in the precinct arrest book. Further, although Officer Rosenberg opined that possession of a stolen car would have been a possible ground for arrest, he testified that he did not charge either boy with anything. (4) The evidence on which petitioner was found guilty of Charge I and its specifications was the same evidence on which the hearing officer found petitioner *not* guilty of Charges II, III and IV and their specifications. (5) There are strong indications that the charges constitute a hindsight questioning of petitioner's professional judgment rather than a presentation of evidence establishing violations of the rules and practice of the City of Rye Police Department. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.